UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

BRUD ROSSMANN,                                       CIVIL NO. 16-2875 (WMW/JSM)

    Plaintiff,

v.                                                   REPORT AND RECOMMENDATION

MARK GEMBICKI, Chairman and
Chief Architect; and JOHN DOES 1-3,

    Defendants.

JANIE S. MAYERON, United States Magistrate Judge

    Plaintiff Brud Rossmann brings this action alleging fraud and conversion by defendant Mark Gembicki and three John Doe defendants.  Rossmann's complaint is overlong, the Court lacks jurisdiction over the matter, and Rossmann's allegations are frivolous.  For all those reasons, it is recommended that this matter be summarily dismissed without prejudice.

    First, as an initial matter, Rule 8(a)(2) of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  At over 50 pages, Rossmann's complaint — which brings only two claims against a single named defendant and three John Doe defendants — is anything but "short."  Nor is it "plain."  Rather than setting forth the factual allegations comprising his claims in a straightforward and intelligible manner, Rossmann loads his pleading with irrelevancies.  For example, the first paragraph of Rossmann's complaint reads as follows:

1

> The Plaintiff, Brud Rossmann, a former decorated Trial Attorney of the U.S. Department of Justice, receiving "Outstanding" performance reviews when handling both National Security matters and Billion Dollar cases, Honors graduate of Harvard Law School, (cum laude, 1989), excellent reviews when managing a leading investment fund, with possibly Best in World Investor status and financial returns as the best fund manager of the world's arguably leading venture capital fund of all time, and recipient of a community service award from the Attorney General of the United States of America for his volunteer work in the African American community of Anacostia, MD, outside of Washington, applicable, brings chis Complaint.

Compl. ¶ 1 [Docket No. 1]. Almost none of this detail is required for Rossmann to adequately set forth his claims. Nor are these irrelevant comments limited to the complaint's opening paragraph. Indeed, much of the complaint consists of invective directed against individuals who are not named as defendants and who appear to have no relation whatsoever to this litigation, including Rossmann's father and ex-wife. *See e.g.,* Compl., ¶ 36. A district court may dismiss a complaint *sua sponte* for failure to comply with Rule 8(a). *See Milliman v. Driver License Compact Commissioner*, No. 15-2779 (ADM/BRT), 2015 WL 6561386, at *1 (D. Minn. Oct. 29, 2015) (citing *Olson v. Little*, 978 F.2d 1264 (8th Cir. 1992)).

Second, Rossmann has not adequately alleged a basis for the Court's jurisdiction over the matter. Although Rossmann claims that 28 U.S.C. § 1331 provides a basis for jurisdiction, the only two claims raised in the complaint — fraud and conversion — arise entirely under state law. Thus, no federal question is presented by those claims. Rossmann also alleges that 28 U.S.C. § 1332 provides a basis for jurisdiction, but his complaint does not establish that diversity of citizenship exists between the parties. Indeed, neither Rossmann nor Gembicki are alleged to be citizens of *any* state, and the

only allegations that point in the direction of the parties' citizenship — that both parties reside or have property in this jurisdiction, *see* Compl. ¶¶ 20, 26 — suggest that each party is a citizen of Minnesota, and therefore diversity of citizenship *could* not exist in this action. Without jurisdiction, of course, the Court cannot proceed in consideration of Rossmann's claims. *See* Fed. R. Civ. P. 12(h)(3). And as plaintiff, it is Rossmann's obligation to adequately plead the basis for the Court's jurisdiction. *See* Fed. R. Civ. P. 8(a)(1).

Third, Rossmann's allegations are outlandish, delusional, and fantastic on their face, and are therefore frivolous.[1] *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). The specifics of the fraud and conversion alleged by Rossmann against Gembicki are difficult to follow and impossible to credit. To take just one example, Rossmann claims that his potential losses from the fraud range to "insane" levels and may be as much as "$400 million to $1-3 billion to $1 trillion to $222 trillion to 10 to the 34th [power]," Compl. ¶¶ 77, 81. The Court need not credit plainly delusional allegations, and once those allegations are removed, little remains of Rossmann's complaint.

In short, Rossmann's complaint is overlong, fails to establish the Court's jurisdiction, and is frivolous. It is therefore recommended that this action be summarily dismissed without prejudice.

---

[1] Similar actions filed by Rossmann in federal courts around the country have similarly been dismissed as frivolous. *See, e.g.*, *Rossmann v. Scaramucci*, No. 16-CIV-412-RAW, 2016 WL 5716878 (E.D. Okla. Oct. 3, 2016).

RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be SUMMARILY DISMISSED WITHOUT PREJUDICE.

2. Plaintiff Brud Rossmann's application to proceed *in forma pauperis* [Docket No. 2] be DENIED AS MOOT.

Dated:    October 31, 2016

*s/ Janie S. Mayeron*
JANIE S. MAYERON
United States Magistrate Judge

**NOTICE**

**Filing Objections**:  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set for in LR 72.2(c).

**Under Advisement Date**:  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.